IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

ANDREW FAULKNER, f/k/a ANDREW CORNELL          PLAINTIFF

v.                                             CAUSE NO. 1:16CV158-LG-RHW

MISSISSIPPI DEPT. OF HUMAN SERVICES;
HANCOCK COUNTY DEPT. OF HUMAN
SERVICES; CELESTE PROULX; and MELISSA
FAULKNER, individually and as agents of
Mississippi Dept. of Human Services             DEFENDANTS

## MEMORANDUM OPINION AND ORDER
## DENYING MOTION TO REMAND

BEFORE THE COURT is the Motion [10] to Remand to State Court filed by Plaintiff Andrew Faulkner.  The Mississippi Department of Human Services, Hancock County Department of Human Services (the "Department") and Celeste Proulx filed a response, and Plaintiff has filed a reply.  The Court finds there was no procedural defect in the removal, and therefore the Motion to Remand will be denied.

### FACTS AND PROCEDURAL HISTORY

According to the allegations in his Complaint, Plaintiff was placed into a foster home with David and Melissa Faulkner, where David Faulkner, "a known pedophile," sexually molested him.  Plaintiff alleges that all of the defendants knew or should have known about the abuse, but none did anything to stop David.  Instead, Melissa and David were allowed to adopt Plaintiff.

Plaintiff brings three claims against the defendants.  The first is a negligence claim under the Mississippi Tort Claims Act concerning the Department's duty to investigate, screen, and supervise Plaintiff's placement in the Faulkner home.  The

second is a claim for deprivation of constitutional rights pursuant to 42 U.S.C. § 1983 against Celeste Proulx, as the Department employee responsible for placing Plaintiff in the Faulkner home.  The third is a § 1983 claim against Melissa, alleging that she failed to supervise and protect Plaintiff, or to inform authorities of the sexual abuse Plaintiff suffered.  For purposes of this claim, Plaintiff alleges Melissa was an officer, agent, or employee of the Department.

After all of the named defendants were served with process, the Department and Celeste Proulx removed the case to this Court asserting federal question jurisdiction pursuant to 28 U.S.C. § 1331.  Despite having been served with process, Melissa Faulkner has not made an appearance or joined in the removal.  Plaintiff seeks remand on the grounds that the removal was defective because Melissa's agreement was necessary under 28 U.S.C. § 1446.  The removing defendants argue that Melissa's agreement to removal is not required; she has been improperly joined because she cannot incur liability under 42 U.S.C. § 1983.

## Discussion

Plaintiff asserts that a procedural defect in Defendants' removal mandates remand.  A defect in the procedure for removal, if timely asserted within thirty days, may be grounds for remand to state court; if the plaintiff fails to assert a procedural defect in a timely motion to remand, it is waived.  *Buchner v. Fed. Dep't Ins. Corp.*, 981 F.2d 816, 818 (5th Cir. 1993); s*ee also Johnson v. Helmerich & Payne, Inc.,* 892 F.2d 422, 423 (5th Cir. 1990) (The failure of all defendants to join in or consent to the removal petition within thirty days of service is not a jurisdictional defect).

All served defendants must join in the petition for removal within thirty days of service on the first defendant, and if consent of all served defendants is not timely obtained, the removal is procedurally defective. *Doe v. Kerwood,* 969 F.2d 165, 167, 169 (5th Cir. 1992). The Fifth Circuit recognizes three exceptions to this rule of unanimity: (1) improperly or fraudulently joined defendants; (2) nominal or unnecessary defendants; and (3) defendants who have not been served by the time of removal. *Jones v. Watts*, No. 5:10-CV-189-DCB-JMR, 2011 WL 2160915, at *5 (S.D. Miss. June 1, 2011) (citations omitted). The third exception does not apply here, as it is apparent from the record that Melissa Faulkner was served with process prior to removal.

    1. Improper or Fraudulent Joinder

The removing defendants argue that Melissa has been improperly joined because the only claim alleged against her is under 42 U.S.C. § 1983, and there is no possibility of recovery against her under that statute. They contend that a foster parent such as Melissa is not a state actor who can be held liable under § 1983, and the complaint lacks the necessary allegations to hold Melissa liable as a private citizen.

"There are three elements to establish liability through a Section 1983 action. There must be (1) a deprivation of a right secured by federal law (2) that occurred under color of state law, and (3) was caused by a state actor." *Victoria W. v. Larpenter*, 369 F.3d 475, 482 (5th Cir. 2004). Although not yet addressed by the Fifth Circuit, other circuits have held that a foster parent is not a state actor for purposes

of § 1983. *See Rayburn v. Hogue*, 241 F.3d 1341, 1348 (11th Cir. 2001); *Milburn v. Anne Arundel Cty. Dep't of Soc. Servs.*, 871 F.2d 474, 479 (4th Cir. 1989). These courts reasoned that the fact that foster parents are in a contractual relationship with the state, and/or are regulated by the state, does not transform otherwise private parties into state actors. *Rayburn*, 241 F.3d at 1348; *Milburn*, 871 F.2d at 477; *see also K.H. Through Murphy v. Morgan*, 914 F.2d 846, 852 (7th Cir. 1990) ("We may assume, without having to decide, . . . that the foster parents, even if paid by the state, are not state agents for constitutional purposes.").

Plaintiff alleges that Melissa failed to follow Department policies and procedures, and that her actions were committed under color of law and under her authority as an officer, agent, or employee of the Department. (Compl. 4, 8 (¶43), ECF No. 1-2). His basis for holding Melissa responsible as a state actor is that she was foster parent. As indicated by the law cited above, these allegations are insufficient to show that Melissa was a state actor for purposes of § 1983.

2. Joint Action

Defendants acknowledge that there is another avenue for potential liability of a private actor under § 1983 – when there is an allegation that the private actor conspired with or acted in concert with state actors.

> Private individuals generally are not considered to act under color of law except in certain circumstances, such as when a private person is involved in a conspiracy or participates in joint activity with state actors. A private person may qualify as a state actor because he is a state official, because he has acted together with or has obtained significant aid from state officials, or because his conduct is otherwise chargeable to the State. Private parties who, for instance, willfully conspire with and bribe a state-court judge to deprive a person of his

    constitutional rights are acting under color of state law within the
    meaning of § 1983.

*Land & Bay Gauging, L.L.C. v. Shor*, 623 F. App'x 674, 681-82 (5th Cir. 2015) (citations and quotation marks omitted).

There are no allegations of a conspiracy or joint action in Plaintiff's Complaint. He charges both the individual defendants (Melissa and Celeste Proulx) with failure to discover, stop, or report the sexual abuse he suffered at the hands of David Faulkner. The allegations do not charge Melissa with involvement in a conspiracy or participation in joint activity with Celeste Proulx or any other state actor. Accordingly, there is no basis for Melissa's § 1983 liability as a private actor.

## CONCLUSION

The Court concludes that Melissa Faulkner was improperly joined in this action, as there is no possibility that Plaintiff will recover on the § 1983 claim he has alleged against her. Accordingly, Melissa's failure to join in the removal did not result in a procedural defect. Remand is not warranted. Plaintiff's Motion will be denied.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Motion [10] to Remand to State Court filed by Plaintiff Andrew Faulkner is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 5th day of July, 2016.

                                        s/ *Louis Guirola, Jr.*
                                        LOUIS GUIROLA, JR.
                                        CHIEF U.S. DISTRICT JUDGE