IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**ANDREW FAULKNER, f/k/a ANDREW CORNELL**              **PLAINTIFF**

v.                                      CAUSE NO. 1:16CV158-LG-RHW

**MISSISSIPPI DEPT. OF HUMAN SERVICES;
HANCOCK COUNTY DEPT. OF HUMAN
SERVICES; CELESTE PROULX; and MELISSA
FAULKNER, individually and as agents of
Mississippi Dept. of Human Services**              **DEFENDANTS**

### ORDER DENYING MOTION TO REQUIRE
### A SPECIFIC REPLY TO IMMUNITY DEFENSE

BEFORE THE COURT is the Motion [8] to Require a Specific Reply to Immunity Defense filed by State Defendant Celeste Proulx. Proulx requests that the Court order the Plaintiff to file a *Schultea*[1] reply setting out with specificity the facts that would overcome Proulx's qualified immunity defense. Plaintiff has not filed a response. After due consideration of the Motion, the pleadings and the relevant law, it is the Court's opinion that it should allow the parties to engage in limited discovery on the qualified immunity issue, rather than requiring a *Schultea* reply. Accordingly, the Motion will be denied in favor of a period of qualified immunity related discovery to be scheduled by the Magistrate Judge.

BACKGROUND

Plaintiff alleges that he was placed into a foster home with David and Melissa Faulkner, where David Faulkner, "a known pedophile," sexually molested

---

[1] *Schultea v. Wood*, 47 F.3d 1427, 1433-34 (5th Cir. 1995) (en banc).

him.  Plaintiff alleges that all of the defendants knew or should have known about the abuse, but none did anything to stop David.  To the contrary, Melissa and David were allowed to adopt Plaintiff.

Plaintiff brings two claims against Proulx: a negligence claim under the Mississippi Tort Claims Act concerning her duty to investigate, screen, and supervise Plaintiff's placement in the Faulkner home, and a claim for deprivation of constitutional rights pursuant to 42 U.S.C. § 1983.  Both of these claims rest on Plaintiff's allegations that Proulx knew or should have known that Plaintiff was being sexually abused by David Faulkner, but she left Plaintiff in the Faulkner home.  Proulx filed an answer invoking qualified immunity from these claims, in her individual capacity.

### DISCUSSION

The § 1983 claim brought by Plaintiff against Proulx requires him to "plead more than conclusions." *Morgan v. Hubert*, 335 F. App'x 466, 469 (5th Cir. 2009). When a defendant invokes the defense of qualified immunity in response to a § 1983 claim, the Court may require the plaintiff to file a reply containing facts "focusing specifically on the conduct of the individual who caused the plaintiff's injury." *Reyes v. Sazan*, 168 F.3d 158, 161 (5th Cir. 1999).  "Vindicating the immunity doctrine will ordinarily require such a reply, and a district court's discretion not to do so is narrow indeed when greater detail might assist." *Schultea*, 47 F.3d at 1434.  "By definition, the reply must be tailored to the assertion of qualified immunity and fairly engage its allegations.  A defendant has an incentive to plead his defense with

some particularity because it has the practical effect of requiring particularity in the reply." *Id*. at 1433.

In the Court's view, Plaintiff's Complaint is sufficiently specific to engage the assertion of qualified immunity. The facts alleged at this point – that Proulx knew that Plaintiff was being sexually abused in the foster home but did nothing – are consistent with finding a constitutional violation. *See Hernandez ex rel. Hernandez v. Tex. Dep't of Protective & Regulatory Servs.*, 380 F.3d 872, 881 (5th Cir. 2004) ("[A]n obvious showing that state social workers exhibited a conscious disregard for known severe physical abuses in a state-licensed foster home by itself sufficiently demonstrates deliberate indifference to a child's right to personal security."). Additional facts regarding what Proulx knew and when she knew it are "peculiarly within the knowledge of defendants," and therefore Plaintiff cannot be faulted for failing to state them prior to conducting discovery. *Morgan*, 335 F. App'x at 472 (quoting *Schultea*, 47 F.3d at 1432).

Furthermore, Proulx has not pled her defense with any particularity. Her assertion related to qualified immunity is:

> The Plaintiff [sic] claims, if any, against Celeste Proulx in her individual capacity, are barred in whole or in part by qualified immunity.

(Proulx Answer 12 (¶XXIII), ECF No. 5). Proulx does not articulate how qualified immunity should protect her from Plaintiff's § 1983 claim, and therefore there are few allegations for Plaintiff to "fairly engage" in a reply. Rather than a *Schultea*

reply, limited discovery on the issue of qualified immunity will be most helpful to the Court in determining whether the defense applies to Proulx. For this reason the Motion will be denied. The Magistrate Judge will establish deadlines for discovery and motions concerning qualified immunity.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Motion [8] to Require a Specific Reply to Immunity Defense filed by State Defendant Celeste Proulx is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 5th day of July, 2016.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE